Devin A. McRae, State Bar Number 223239
 *dmcrae@earlysullivan.com*
Peter Scott, State Bar Number 247786
 *pscott@earlysullivan.com*
EARLY SULLIVAN WRIGHT
 GIZER & McRAE LLP
6420 Wilshire Boulevard, 17th Floor
Los Angeles, California 90048
Telephone:  (323) 301-4660
Facsimile:  (323) 301-4676

Attorneys for Plaintiff Ruthless Studios,
LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

# WESTERN DIVISION

| | |
|---|---|
| RUTHLESS STUDIOS, LLC, a Delaware limited liability company,<br><br>Plaintiff,<br><br>vs.<br><br>DARK AGE CINEMA, LLC, a New York limited liability company; ART THE CLOWN, LLC, a New Jersey limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No. 2:26-cv-6465<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL**<br><br>**1. Copyright Infringement**<br><br>**2. Declaratory Relief**<br><br>**3. Trademark Infringement and Unfair Competition**<br><br>**4. Accounting and Disgorgement** |

5842937.2

**COMPLAINT**

## I.   NATURE OF THE ACTION

1.    Plaintiff Ruthless Studios, LLC ("Ruthless Studios"), as the assignee of Ruthless Pictures, LLC ("Ruthless Pictures"), brings this action arising out of written agreements entered in or about March 2013 governing the development, production, and exploitation of motion picture properties associated with the short films commonly known as "Terrifier" and "The 9th Circle," and the feature-length motion picture that incorporated those works together with newly created material *All Hallows' Eve.*

2.    Under these agreements, Ruthless Pictures acquired ownership and control of specified rights in the assigned works, including "Terrifier" and the resulting feature film. These rights included, among other things, the right to produce any audiovisual "sequels thereto and remakes thereof and all other types of derivative works based thereon" and the ownership of "all copyrights, neighboring rights, trademarks and any and all other ownership and exploitation rights" as to the assigned works and feature film. Damien Leone (principal of defendants, herein) agreed that he would retain certain, unspecified "rights" to the "Art the Clown" character in the "Terrifier" short film for use in any non-Terrifier related project, but that Leone's retention of such rights included an obligation that Ruthless Pictures, or its assignee, be attached to any future non-Terrifier related projects containing the Art the Clown character and that the parties negotiate Ruthless's Pictures or Ruthless Studios's participation in good faith. Ruthless Pictures assigned all of its rights under the Assignment Agreement to Ruthless Studios on or about August 11, 2018, as permitted under the Assignment Agreement's "Assignment" provision.

3.    Defendants Dark Age Cinema, LLC ("Dark Age") and Art the Clown, LLC ("Art the Clown") thereafter developed, produced, marketed, distributed, and monetized multiple projects and commercial ventures—including feature film sequels to "Terrifier" and Terrifier related merchandising/licensing arrangements—derived from and/or exploiting the assigned property in violation of Plaintiff's rights. Further,

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

Dark Age and Art the Clown developed numerous projects featuring the Art the Clown character, while excluding Ruthless Pictures and/or Ruthless Studios from the required attachment and good-faith negotiation process.

4.    Ruthless Studios seeks compensatory damages, restitutionary relief and disgorgement, an accounting, declaratory and equitable relief (including injunctive relief as well as specific performance of the attachment and good-faith negotiation obligations), and such other relief as the Court deems just and proper.[1]

## II.    PARTIES

5.    Plaintiff Ruthless Studios, LLC is, and at all relevant times was, a Delaware limited liability company that is qualified to do business in California and whose sole member is a citizen of the state of Hawaii.

6.    Defendant Dark Age Cinema, LLC is, and at all relevant times was, a New York limited liability company with its principal place of business in New York County and whose members are all citizens of the state of New York.

7.    Defendant Art the Clown, LLC is, and at all relevant times was, a New Jersey limited liability company with its principal place of business in Monmouth County and whose members are all citizens of the state of New Jersey.

8.    The true names and capacities of Defendants sued herein as Does 1 through 10, inclusive, are presently unknown to Ruthless, and therefore are sued under fictitious names.  Ruthless will seek leave to amend this Complaint to allege the true names and capacities of Does when they are ascertained. Defendants Dark Age Cinema, Art the Clown and Does 1 through 10 are referred to collectively herein as "Defendants."

---

[1] Pursuant to an arbitration provision in the Assignment Agreement, an arbitration proceeding has been brought and is currently pending with JAMS Los Angeles against Damien Leone concerning this subject matter as such claims pertain to Mr. Leone. This separate action is brought as to Dark Age and Art the Clown, who are non-signatories to the Assignment Agreement and its arbitration provision.

EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5842937.2

3

**COMPLAINT**

9.     On information and belief, Defendants are, and at all times mentioned herein, were, the agents, servants and/or employees of each of the other Defendants, and each of them was acting within the scope of its, his or her authority as the agent, servant and/or employee of each other.  On information and belief, Defendants performed the acts and conduct herein alleged directly, aided and abetted the performance thereof or knowingly acquiesced in, ratified and accepted the benefits of such acts and conduct, and therefore each of the Defendants is liable to the extent of the liability of the Defendants as alleged herein; consequently, all Defendants are jointly and severally liable to Ruthless for the damages sustained as a proximate result of their conduct.

10.     On information and belief, at all times herein material, Dark Age and Art the Clown were and are completely dominated and controlled by their co-Defendants and each was the alter-ego of the other and that the corporate form for each was utilized as a mere instrumentality to perpetrate a fraud or for other improper or unlawful purposes. Ruthless is informed and believes the piercing the corporate veil and disregard of the corporate form with respect to Dark Age and Art the Clown is appropriate and warranted in this instance as numerous indicia of alter-ego liability are present here, including without limitation, that each company shared officers and directors, shared office space, employees and property, that little to no corporate formalities were adhered to, that funds and contractual obligations were commingled between the companies, that the companies were undercapitalized and insolvent, and that the Defendants treated the assets of the other entity Defendants as their own, among other things.

11.     Whenever and wherever reference is made in this Complaint to any conduct by Defendant or Defendants, such allegations and references shall also be deemed to mean the conduct of each of the Defendants, acting individually, jointly and severally.  Whenever and wherever reference is made to individuals who are not named as Defendants in this Complaint, but were employees and/or agents of

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5842937.2

4

**COMPLAINT**

Defendants, such individuals at all relevant times acted on behalf of Defendants named in this Complaint within the scope of their respective employment.

### III.    JURISDICTION AND VENUE

12.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332. Plaintiff is a citizen of the State of Hawaii and diversity exists because all named Defendants are citizens of New York and New Jersey. The amount in controversy exceeds $75,000. This case involves entities with sufficient contacts with California to make proper the exercise of personal jurisdiction over them.

13.    Additionally, this action arises under the copyright laws of the United States, 17 U.S.C. §§ 101, et seq. and the Declaratory Judgment Act, 28 U.S.C. §§ 2201, et seq. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1338, 2201 and 2202.

14.    Venue is proper in this Court. A substantial part of the acts or omissions giving rise to the claims alleged occurred in Los Angeles County, California.

### IV.    FACTUAL ALLEGATIONS

15.    In or about 2012, Jesse Baget founded Ruthless Pictures, LLC, an independent film sales, marketing, production company focused on acquiring, developing and/or licensing commercially viable motion picture properties.

16.    As part of its business model, Ruthless Pictures sought to acquire intellectual property that could be developed into feature-length films and licensed to distributors in the United States and internationally.

17.    During this period, Ruthless Pictures pursued distribution relationships with multiple distributors and ultimately secured an arrangement with RLJ/Image Entertainment (now AMC), under which Ruthless Pictures would provide films for distribution consideration.

//

//

//

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

18. In late 2012 or early 2013, Ruthless Pictures identified two short horror films created by Damien Leone entitled "Terrifier" and "The 9th Circle." Ruthless Pictures believed these properties had significant commercial potential as the basis for a feature-length film franchise.

19. Baget, on behalf of Ruthless Pictures, commenced discussions with Leone about licensing the "Terrifier" and "The 9th Circle" short films and also about financing and distributing a full feature length film to showcase the "Art the Clown" character.

20. Because the combined runtime of the two short films was approximately 35–40 minutes—insufficient for a feature film—Ruthless Pictures proposed creating a new feature-length film that would incorporate the short films together with newly created narrative material to create a feature length, 70 plus minute film.

21. Baget, on behalf of Ruthless Pictures, thus, proposed creating a new segment called "All Hallows Eve" that tied together the previously made "Terrifier" and "The 9th Circle" short films with a new original story showcasing the "Art the Clown" character. The idea was enthusiastically received by Leone and Ruthless Pictures began the process of securing distributors and financing. Leone and Ruthless agreed that Baget would be credited with "Story by Jesse Baget" on the overall feature film.

22. In March 2013, Leone entered into several written agreements with Ruthless Pictures governing the development and exploitation of these properties.

23. First, Leone executed an Assignment Agreement. Pursuant to the Assignment Agreement, for a purchase price of $5,000, Leone transferred to Ruthless Pictures ownership of the motion pictures Terrifier and The 9th Circle, together with the underlying materials, copyrights and derivative rights in and to, without limitation, "the screenplay, the title, themes, stories, dialogue and all of the other contents thereof, and the characters therein, and all translations, adaptations, and versions thereof, whether now existing or hereafter created…" and the right to exploit that

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5842937.2

6

**COMPLAINT**

ownership commercially in any media and in any and all territories and jurisdictions, including the "right to produce audiovisual works of all types […] and sequels thereto and remakes thereof and all other types of derivative works based thereon…". Leone also granted to Ruthless Pictures all neighboring rights, trademarks and any and all other ownership and exploitation rights in Terrifier and The 9th Circle in any and all territories and jurisdictions. A true and correct copy of the Assignment Agreement is attached hereto as **Exhibit 1**.

24.    Second, Leone entered into a Screenwriter Agreement under which he agreed to write the screenplay for the feature length All Hallows' Eve film. A true and correct copy of the Screenwriter Agreement is attached hereto as **Exhibit 2**. Under the Screenwriter Agreement, the screenplay and all materials created in connection with it were created as works made for hire and became the property of Ruthless Pictures.

25.    Third, Leone entered into a Director Agreement under which he agreed to direct the film All Hallows' Eve, and under which Ruthless Pictures became the owner of the resulting motion picture and all materials created in connection with its production. A true and correct copy of the Director Agreement is attached hereto as **Exhibit 3**.

26.    In 2013, Ruthless Pictures, LLC registered the copyrights to the All Hallows' Eve film and screenplay, true and correct copies of which are attached hereto as **Exhibits 4 and 5**. Additionally, the original copyright registrations for Terrifier and The 9th Circle are attached hereto as **Exhibits 6 and 7**.

27.    During negotiations, Leone requested an express provision addressing future non-Terrifier related projects featuring the "Art the Clown" character because he wished to remain involved in such projects and anticipated that future licensing, and merchandising opportunities could arise. The parties agreed that, if Leone (including through any affiliated entity, licensee, or assign) produced a future non-Terrifier related project featuring the Art the Clown character, Ruthless Pictures

would be "attached" to that project and the parties would negotiate in good faith the terms of Ruthless Pictures' participation, including compensation, credit, and involvement appropriate to the project. The attachment and good-faith negotiation obligation was intended to occur before proceeding with material steps such as financing, production, distribution arrangements, and commercialization, so that Ruthless Pictures would have a meaningful opportunity to participate.

28. After execution of the agreements, Ruthless Pictures financed and produced the feature film All Hallows' Eve, which incorporated the *Terrifier* and *9th Circle* short films and the new narrative material developed for the feature film – including use of the Art the Clown character in the new narrative material outside of the *Terrifier* and *9th Circle* short portions of the feature film. Leone worked closely with Ruthless Pictures during the development, editing, and marketing of the film.

29. On June 19, 2013, Ruthless Pictures registered the copyright as to both the film and the screenplay for *All Hallows' Eve*.

30. Ruthless Pictures secured a distribution agreement for *All Hallows' Eve* with RLJ/Image Entertainment and delivered the completed film. Ruthless Pictures also pursued and secured international sales for *All Hallows' Eve*, including in the United Kingdom, Germany and Poland. Ruthless Pictures invested considerable time and money marketing and promoting the film.

31. Through these efforts, the character Art the Clown gained increasing recognition among horror audiences.

32. Art the Clown began appearing on lists of notable horror characters and villains on various entertainment websites and horror publications. In October 2014, Leone himself acknowledged the increasing popularity of the character, stating in an email that Art the Clown was "getting big now."

33. Following the release of *All Hallows' Eve*, the parties continued discussing additional projects involving the Terrifier property and the Art the Clown character.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

34. In 2014, Ruthless Pictures also financed another film directed by Leone entitled *Frankenstein vs. the Mummy*.

35. During this period, Leone continued discussing potential Terrifier-related projects and merchandising opportunities with Ruthless Pictures. In or around 2014, Ruthless Pictures hired industry professional Steve Barton to assist in identifying licensing and merchandising opportunities involving the Terrifier property and the Art the Clown character. Barton subsequently began exploring opportunities to license and merchandise the property.

36. In or around 2015, Leone informed Ruthless Pictures that he wished to produce a very low-budget Terrifier project. Leone represented that the project would have a budget of approximately $35,000 and would likely be financed through crowd funding and through Leone's production company, Dark Age. In explicit recognition of Ruthless Pictures' ownership of the Terrifier property and its rights to be attached to any project featuring Art the Clown, Leone asked Ruthless Pictures to permit him to produce this limited project on a "one-time" basis so that he could generate income while Ruthless Pictures continued seeking financing for a larger Terrifier film. Ruthless Pictures agreed to permit and license Leone to produce this limited project as a one-time exception. Ruthless did not request compensation in connection with this project and hoped that the project would ultimately help promote the Terrifier property and lead to larger projects involving the property. Leone's request for permission from Ruthless Pictures for this "one-time" exception, reflected Leone's understanding and intent that Ruthless Pictures was the actual owner of the Terrifier properties and was contractually entitled to be attached to any project featuring Art the Clown.

37. In late 2017, Ruthless Pictures was notified by Leone that Leone's and Dark Age's one-off, low-budget Terrifier film was completed and seeking distribution. Leone requested Ruthless Pictures' assistance in this regard, which Ruthless Pictures obliged by sourcing distribution deals and helping with publicity.

Ruthless considered this film a low-budget showcase of Ruthless Picture's proprietary intellectual property in Terrifier and hoped that it would lead to bigger budget projects and licensing/merchandising opportunities for the property.

38.     On or about August 11, 2018, Ruthless Pictures transferred all of its ownership rights with respect to the Terrifier Property and all of its rights under the Assignment Agreement, Screenwriters Agreement and Directors Agreement, among other things, to Ruthless Studios by way of a written agreement.

39.     After these discussions, Leone ceased communicating with Ruthless Pictures and/or Ruthless Studios regarding Terrifier projects. Leone never informed Ruthless Pictures or Ruthless Studios that he was producing or developing additional Terrifier films. Leone also never informed Ruthless Pictures or Ruthless Studios that he was licensing or merchandising the Terrifier property. Instead, Leone began producing and exploiting Terrifier-related projects independently and without the involvement of (or notice to) Ruthless through and under the umbrella of Defendants Dark Age Cinema, LLC and Art the Clown, LLC.

40.     Throughout 2019 through 2023, Baget was living in a remote area, had deleted all social media accounts and had largely ceased following and keeping abreast of horror film related news.

41.     After re-surfacing from this remote area, Baget became aware that Leone and Dark Age had produced a new Terrifier film titled *Terrifier 2*. Unlike the small crowd-funded project that had previously been discussed, *Terrifier 2* was produced with a substantially larger budget and received theatrical distribution. Ruthless Studios had **never** been contacted regarding the project and had **never** given authorization or license for use of its copyrights, trademarks, sequel and derivative works rights as to *Terrifier 2* and was never provided with any opportunity to participate in its development, financing, or distribution.

//

//

42.     Ruthless Studios subsequently learned that Leone and Defendants Dark Age and Art the Clown had been exploiting the Terrifier property through numerous commercial ventures, including production of additional Terrifier films, merchandising agreements, licensing arrangements, and promotional events involving Terrifier and the Art the Clown character. Ruthless Studios was not informed of these activities, never gave consent or license as to them and did not receive any share of the revenues generated by them.

43.     Despite Leone's and Defendants' conduct, Ruthless Studios continued to honor its contractual obligations. From approximately 2016 through the present, Ruthless Studios continued paying Leone his share of revenues derived from the film *All Hallows' Eve*. Leone accepted these payments while simultaneously exploiting the Terrifier property without Ruthless' license, authorization or participation.

44.     In or around late 2023, Ruthless Studios learned that Leone and Dark Age were producing a third film titled *Terrifier 3*.

45.     The *Terrifier 2* and *Terrifier 3* films are clearly derivative works of, and/or sequels to, the original Terrifier short film, the rights to which are owned exclusively by Ruthless Studios. In particular, both *Terrifier 2* and *Terrifier 3* involve the same themes, settings, narrative structure and story lines, female victim characters and "kill" methodology, unique horror aesthetic look, feel and mood (including the exact same Terrifier logo and title card color, font and theme) and other expressive elements including the unique comedy-sadism blend established in the original Terrifier short and continued in Baget's co-created story starring Art the Clown and both films utilize the Terrifier trademarks owned by Plaintiff.

46.     Around the same time in late 2023, Ruthless Studios also learned that multiple merchandising deals involving Art the Clown had been negotiated by Leone, Dark Age and/or Art the Clown. Many of these deals had been facilitated by Steve Barton, who had originally been tasked by Ruthless Pictures and Ruthless Studios with seeking merchandising opportunities for the property. Ruthless Studios had not


EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

been notified of these deals and had not been given any opportunity to attach to or participate in them.

47.    Through this conduct, Dark Age and Art the Clown have violated Ruthless Studios' copyright and trademark ownership and other contractual rights in and to Terrifier, excluded Ruthless Studios from numerous projects and commercial ventures involving he Art the Clown character and exploited the copyrighted and trademarked material for their own pecuniary gain. These projects include multiple feature films, merchandising deals, and promotional events. Further, as to any projects or ventures containing the Art the Clown character, Dark Age and Art the Clown failed and refused to attach Ruthless Studios to any of these projects or commercial ventures and failed and refused to "negotiate[] in good faith" with Ruthless Studios as to its compensation, credit or involvement as to the project. These constitute clear violations of Ruthless Studios' copyrights and trademarks in and to Terrifier as well as Ruthless Studios' rights to be attached to projects involving the Art the Clown character.

48.    Within the 3-year period immediately preceding the filing of this action, *Terrifier 2* and *Terrifier 3* have both been released theatrically and with additional theatrical runs subsequent to the original release and have been distributed and made available in multiple different formats, including on physical media including Blu-Ray, DVD and VHS as well as made available on various streaming platforms, including Netflix, Amazon Prime, Peacock, Screambox, Tubi and others. Additionally, within the 3-year period immediately preceding the filing of this action, Defendants Dark Age and Art the Clown have exploited the copyrighted material owned by Ruthless Studios through various merchandising deals, licensing deals and Terrifier themed products, events, and other related commercial ventures.

49.    Ruthless Studios is the owner of trademark rights in the mark TERRIFIER in connection with motion pictures, entertainment services, and related merchandise.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

50. Ruthless Studios has used the TERRIFIER mark in interstate commerce in connection with the distribution and promotion of motion pictures since at least 2013, when the film *All Hallows' Eve* was released and distributed nationally.

51. Ruthless Studios has acquired common law trademark rights in the mark TERRIFIER through continuous and extensive use in interstate commerce since 2013.

52. Through the promotion, distribution and commercial exploitation of the *Terrifier* property and related works, the TERRIFIER mark has become a distinctive source identifier associated exclusively with Ruthless Studios' motion picture properties and entertainment services.

53. The TERRIFIER mark has acquired secondary meaning and substantial goodwill among consumers of horror films and related entertainment products.

54. Defendants have used and continue to use the mark TERRIFIER and confusingly similar variations thereof in interstate commerce in connection with motion pictures, merchandise, promotional events, and related commercial activities without authorization from Ruthless Studios.

55. Defendants' unauthorized use of the TERRIFIER mark includes, but is not limited to:

    a. Titling and promoting theatrical motion pictures as *Terrifier 2* and *Terrifier 3;*

    b. Distributing said films on physical media and streaming platforms bearing the TERRIFIER mark;

    c. Licensing the TERRIFIER mark for use on merchandising including apparel, toys, collectibles, and other consumer goods;

    d. Promoting events, appearances, and commercial ventures using the TERRIFIER mark.

//
//
//

EARLY SULLIVAN WRIGHT GIZER & McRAE LLP ATTORNEYS AT LAW

5842937.2

13

**COMPLAINT**

56. Defendants' use of the TERRIFIER mark is likely to cause, and has caused, confusing, mistake or deception as to the affiliation, connection, or association of Defendants' works and merchandise with Ruthless Studios, or as to the origin, sponsorship, or approval of Defendants' works and merchandise by Ruthless Studios.

57. Defendants' unauthorized use of the TERRIFIER mark dilutes the distinctiveness of Ruthless Studios' mark and damages the goodwill associated with it.

58. Defendants' acts were willful and intentional, undertaken with knowledge of Ruthless Studios' prior rights in the TERRIFIER mark and with the intent to trade upon the goodwill and reputation Ruthless Studios established in the mark.

## FIRST CLAIM FOR RELIEF

### Copyright Infringement

**(Against Defendants Dark Age Cinema, LLC, Art the Clown, LLC and Does 1-10, inclusive)**

59. Ruthless Studios incorporates by reference all preceding allegations of the Complaint as though fully set forth here.

60. Ruthless Studios is the owner and/or exclusive rights holder of valid copyrights in and to the motion picture shorts *Terrifier* and *The 9th Circle* and the feature motion picture and screenplay *All Hallows' Eve*, including the underlying material embodied therein, by virtue of written agreements and registrations identified in the Complaint.

61. The copyrights to the *All Hallows' Eve* film and screenplay were registered with the United States Copyright Office in 2013 as reflected in Exhibits 4 and 5.

62. Ruthless Studios owns the exclusive rights to reproduce, distribute, publicly perform and/or display, and to prepare and exploit derivative works and sequels based on the copyrighted works and underlying material.

63. Without Ruthless Studios' authorization, Defendants Dark Age Cinema, LLC, Art the Clown, LLC, and Does 1–10 copied protectable expression from Ruthless Studios' copyrighted works and prepared, produced, marketed, distributed, and exploited unauthorized derivative works and/or sequels, including at minimum *Terrifier 2* and *Terrifier 3*, as well as merchandise, apparel, videogames and events and other derivative works.

64. The infringing works are substantially similar to Ruthless Studios' copyrighted works in protectable expression, including, in addition to the Art the Clown character, the selection, coordination, and arrangement of expressive elements alleged in the Complaint, such as specific recurring themes, settings, distinctive narrative structure and story lines, character types, distinctive kill methodology, staging and set pieces, and the particularized look, feel, mood, stylistic aesthetic, and tonal blend of horror and dark comedy that defines the Terrifier property.

65. To the extent Defendants contend that Leone retained rights in the Art the Clown character, Ruthless Studios alleges that Defendants' infringement is not limited to any single character concept and includes copying and exploitation of other protectable expression and underlying material owned by Ruthless Studios.

66. Defendants' acts were willful because, among other things, Leone executed written agreements transferring rights to Ruthless Studios and previously sought and obtained limited permission for a specific *Terrifier* project, demonstrating knowledge that further exploitation required authorization.

67. As a direct and proximate result of Defendants' infringement, Ruthless Studios has been damaged and is entitled to recover all available remedies, including actual damages and Defendants' profits attributable to the infringement, and/or statutory monetary relief to the extent available, in amounts to be proven at trial.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5842937.2

15

**COMPLAINT**

68.    Ruthless Studios further seeks injunctive and/or equitable relief to the extent available, including orders preventing further unauthorized exploitation and requiring corrective measures.

69.    Because Defendants have wrongfully obtained revenues and profits through the exploitation of the Terrifier property and related derivative works, those revenues and profits are subject to the imposition of a constructive trust in favor of Ruthless Studios pending final adjudication of the parties' rights.

## SECOND CLAIM FOR RELIEF

### Declaratory Relief (28 U.S.C. §§ 2201, *et seq.*)

### (Against Defendants Dark Age Cinema, LLC, Art the Clown, LLC and Does 1-10, inclusive)

70.    Ruthless Studios incorporates by reference all preceding allegations of the Complaint as though fully set forth here.

71.    An actual controversy exists between Ruthless Studios, on the one hand, and Defendants Dark Age Cinema, Art the Clown and Does 1-10, on the other hand, regarding Ruthless Studios' copyright ownership and interests in *Terrifier 2*, *Terrifier 3* and all derivative works, sequels, Terrifier related or themed merchandise, apparel, videogames, events and other Terrifier related projects and works (excluding the 2016 *Terrifier* film). Ruthless Studios contends that it is the rightful copyright owner and holder as to such works, which were assigned to Ruthless Studios via the Assignment Agreement and/or are derivative of such assigned works. Defendants Dark Age Cinema, Art the Clown and Does 1-10 dispute Ruthless Studios' copyright ownership in the foregoing works.

//

//

//

//

//

72. Accordingly, Ruthless Studios seeks a judicial declaration clarifying and adjudicating the parties' rights and obligations with respect to the foregoing so as to prevent ongoing and future harm, including declarations that Ruthless Studios is the owner of the copyright as to *Terrifier 2*, *Terrifier 3* and all derivative works, sequels, Terrifier related or themed merchandise, apparel, videogames, events and other Terrifier related projects and works, and is entitled to all rights and benefits inuring therefrom.

## THIRD CLAIM FOR RELIEF

**Trademark Infringement and Unfair Competition**

**15 U.S.C. § 1125(a)**

**(Against Defendants Dark Age Cinema, LLC, Art the Clown, LLC and Does 1-10, inclusive)**

73. Ruthless Studios incorporates by reference all preceding allegations of the Complaint as though fully set forth here.

74. Ruthless Studios is the owner of trademark rights in the mark TERRIFIER by virtue of prior use and common law rights acquired through continuous use in interstate commerce since 2013.

75. Ruthless Studios' TERRIFIER mark is valid, distinctive, and entitled to protection under the Lanham Act.

76. Without authorization or consent from Ruthless Studios, Defendants have used and continue to use, in interstate commerce, the mark TERRIFIER and confusingly similar variations thereof in connection with the sale, offering for sale, distribution, and advertising of motion pictures, merchandise, and entertainment services.

//

//

//

//

5842937.2

17

**COMPLAINT**

77.    Defendants' unauthorized use of the TERRIFIER mark is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection or association of Defendants with Ruthless Studios, or as to the origin, sponsorship, or approval of Defendants' goods and services by Ruthless Studios, in violation of 15 U.S.C. § 1125(a).

78.    Defendants' use of the TERRIFIER mark constitutes trademark infringement and unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

79.    Defendants' infringement was willful, deliberate, and undertaken with knowledge of Ruthless Studios' superior rights in the TERRIFIER mark and with the intent to trade on the goodwill Ruthless Studios has established.

80.    As a direct and proximate result of Defendants' trademark infringement and unfair competition, Ruthless Studios has suffered and continues to suffer substantial injury and damages, including but not limited to loss of sales and business opportunities, damage to the reputation and goodwill associated with the TERRIFIER mark, loss of control over the quality and nature of goods and services offered under the TERRIFIER mark, and harm to Ruthless Studios' ability to exploit its own trademark rights.

81.    Defendants have been and will continue to be unjustly enriched by their unauthorized use of the TERRIFIER mark.

82.    Ruthless Studios has no adequate remedy at law for Defendants' ongoing infringement and unless enjoined by this Court, Defendants will continue to infringement Ruthless Studios' trademark rights, causing irreparable injury to Ruthless Studios for which there is no adequate remedy at law.

//

//

//

//

18

**COMPLAINT**

## FOURTH CLAIM FOR RELIEF

### Accounting and Disgorgement

### (Against Defendants Dark Age Cinema, LLC, Art the Clown, LLC and Does 1-10, inclusive)

83.    Ruthless Studios incorporates by reference all preceding allegations of the Complaint as though fully set forth here.

84.    Defendants have received and continue to receive revenues and other financial benefits from the production, distribution, marketing, and exploitation of *Terrifier 2*, *Terrifier 3*, and other projects and commercial ventures derived from the assigned property and/or involving Art the Clown, including merchandising and licensing.

85.    The amounts of gross receipts, deductions, expenses, and net profits from these activities are uniquely within Defendants' possession, custody, and control, and cannot be determined by Ruthless Studios without an accounting.

86.    Ruthless Studios is entitled to an accounting and disgorgement of all revenues, profits, and other benefits wrongfully obtained by Defendants as a result of the conduct alleged in this Complaint.

87.    Ruthless Studios demands a full and complete accounting, supported by production of books and records, of all monies received and paid in connection with:

a.  The development, financing, production, distribution, marketing, and exploitation of *Terrifier 2* and *Terrifier 3*.

b.  Any other audiovisual projects that are sequels to and/or derivative works of the assigned *Terrifier* and/or *The 9th Circle* property.

c.  All merchandising, licensing, promotional, endorsement, and other commercial arrangements involving Art the Clown.

88.    Ruthless Studios seeks an award requiring Defendants to disgorge all profits and other benefits attributable to the wrongful conduct, and to pay Ruthless Studios all sums found due after the accounting, in amounts to be proven at trial.

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5842937.2

19

**COMPLAINT**

## PRAYER FOR RELIEF

Wherefore, Ruthless Studios requests that the Court enter a judgment in its favor and against Defendants, jointly and severally where applicable, awarding:

1.     Copyright remedies according to proof, including monetary relief measured by Ruthless Studios' damages and/or Defendants' profits, and statutory monetary relief to the extent available.

2.     A declaratory judgment that Ruthless Studios is the copyright owner and holder of *Terrifier 2*, *Terrifier 3* and all derivative works, sequels, Terrifier related or themed merchandise, apparel, videogames, events and other Terrifier related projects and works of any kind or nature whatsoever.

3.     An injunction preventing and precluding further dissemination, distribution and exploitation of the copyrighted material and TERRIFIER trademark owned by Ruthless Studios.

4.     Recovery and recoupment of Defendants' profits attributable to the trademark infringement pursuant to 15 U.S.C. § 1117(a).

5.     Ruthless Studios' actual damages sustained as a result of Defendants' trademark infringement pursuant to 15 U.S.C. § 1117(a);

6.     Treble damages pursuant to 15 U.S.C. § 1117(a) due to Defendants' willful infringement;

7.     An accounting of all relevant revenues, costs, and profits, and disgorgement of all sums found due and a constructive trust imposed over such amounts.

8.     Pre-award and post-award interest to the extent permitted.

9.     Attorneys' fees and costs to the extent recoverable under the parties' agreements and applicable law.

//

//

//

EARLY
SULLIVAN
WRIGHT
GIZER &
MCRAE LLP
ATTORNEYS AT LAW

5842937.2

20

**COMPLAINT**

10.    Such other and further relief as the Court deems just and proper.

Dated:  June 12, 2026                    EARLY SULLIVAN WRIGHT
                                         GIZER & McRAE LLP

                                   By:   _____

                                         Devin A. McRae
                                         Peter Scott
                                         Attorneys for Plaintiff Ruthless Studios,
                                         LLC

## DEMAND FOR JURY TRIAL

Plaintiff Ruthless Studios, LLC hereby demands trial by jury for all issues so triable.

Dated:  June 12, 2026                    EARLY SULLIVAN WRIGHT
                                         GIZER & McRAE LLP

                                   By:   _____

                                         Devin A. McRae
                                         Peter Scott
                                         Attorneys for Plaintiff Ruthless Studios,
                                         LLC



EARLY
SULLIVAN
WRIGHT
GIZER &
McRAE LLP
ATTORNEYS AT LAW

5842937.2

21

**COMPLAINT**